IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SEVERO HILARIO-PEREZ,

    Defendant.

No. 6:11-cr-60138-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    On July 10, 2012, defendant pled guilty to one count of possession with intent to distribute fifty grams or more of a mixture containing methamphetamine, as charged in a superceding information filed the same day.[1] On November 6, 2012, defendant was sentenced to 97 months imprisonment, the low end of the sentencing guideline range. Defendant directly appealed his conviction and

---

    [1]In a separately-filed case, defendant also pled guilty to illegal reentry.

1    - OPINION AND ORDER

sentence; however, defendant subsequently dismissed his appeal. Defendant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

In his § 2255 motion, defendant claims that he was stopped and his bag searched without warrant or probable cause, that his statements were not knowing or voluntary, that he was the subject of racial profiling, and that the court erred in denying his motion to suppress.[2]

However, defendant's claims are procedurally barred, as he could have raised them on direct appeal but ultimately dismissed his appeal. United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.") (citation omitted).

Further, defendant pled guilty and waived any right to appeal or collaterally attack his conviction or sentence, except on grounds of ineffective assistance of counsel. Doc. 23. Thus, defendant waived any claim relating to the stop and search.

Finally, to the extent defendant alleges ineffective assistance of counsel based on counsel's alleged failure to pursue a motion to suppress or direct appeal, defendant fails to show

---

[2] The court did not rule on defendant's motion to suppress, as it was withdrawn. Doc. 16.

2    - OPINION AND ORDER

deficient performance or prejudice resulting from counsel's alleged omissions. To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). In the context of plea proceedings, the defendant must show that but for counsel's alleged deficiency, he would not have pleaded guilty. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985).

Here, defendant pled guilty to the charge after withdrawal of the motion to suppress and issuance of a superceding information, and, as part of the plea agreement, defendant waived any right to appeal on the grounds now alleged. Given the nature of the plea agreement negotiated by counsel and the sentence imposed as a result, defendant fails to establish deficiency in counsel's performance or any resulting prejudice.

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 42) is DENIED.

IT IS SO ORDERED.

Dated this 16 day of August, 2013.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER